## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

FIELDTURF USA, INC., et al.

                        Plaintiffs,

        v.

SPORTS CONSTRUCTION GROUP, LLC.,
et al.

                        Defendants.

CASE NO.  1:06 CV 2624

Judge Patricia A. Gaughan

**ANSWER OF DEFENDANT SPORTS CONSTRUCTION GROUP, LLC**

**JURY DEMAND ENDORSED HEREON**

Now comes Defendants, Sports Construction Group, LLC ("SCG")and for its Answer and Counterclaim to Plaintiffs' complaint, states as follows:

### ANSWER

### "THE PARTIES AND NATURE OF THE ACTION"

1       SCG denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the complaint, and therefore deny same.

2.      SCG denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the complaint, and therefore deny same.

3.      SCG admits that a patent is attached as Exhibit A as alleged in paragraph 3 of the complaint, but denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 3 of the complaint, and therefore deny same.

4.      SCG admits that a patent is attached as Exhibit B as alleged in paragraph 4 of the complaint, but denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 4 of the complaint, and therefore deny same.

5.      SCG denies knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the complaint, and therefore deny same.

6.      SCG admits the allegations in paragraph 6 of the complaint that it is an Ohio corporation with a principal place of business at 1406 West Sixth Street, Ste. 200, Cleveland, Ohio and that its sells and installs synthetic turf products throughout the United States.

7.      SCG admits that Defendant Paul Franks is an individual resident residing in the jurisdiction of the Northern District of Ohio, that Mr. Franks is the president of SCG, and that he is involved in the operations of SCG's business.  Responding further, SCG denies the remaining allegations contained in paragraph 7 of the complaint as vague and ambiguous and incapable of a definitive response and are denied as a result.

8.      SCG admits the allegations of paragraph 8 of the complaint that it sells and installs synthetic turf products usually through the bid submission process and that Mr. Franks is involved in said business activities as the president of SCG.

9.      SCG admits the allegations of paragraph 9 of the complaint that offered to sell, sold, and installed synthetic turf products to Concord University in Athens, West Virginia and that Mr. Franks was involved in said business activities as the president of SCG.

10.     SCG admits the allegations of paragraph 10 of the complaint to the extent that Mr. Franks had involvement in the bid submission process, but denies that he had personal involvement in the installation of the synthetic turf product and the remaining allegations contained in paragraph 10 of the complaint.

11.     SCG denies the allegations set forth in paragraph 11 of the complaint.

## "JURISDICTION AND VENUE"

12.     In response to paragraph 12 of the complaint, SCG denies that it committed acts of patent infringement in this judicial district or any other judicial district.  In as much as Plaintiffs have attempted to state a claim for patent infringement and also allege diversity of jurisdiction, SCG admits that jurisdiction is proper in this court.

13.     In as much as SCG has a principal place of business within the jurisdiction of this court, SCG admits the allegations of paragraph 13 of the complaint that this court has personal jurisdiction over SCG.

14.     In as much as Mr. Franks resides within the jurisdiction of this court, SCG admits the allegations of paragraph 14 of the complaint that this court has personal jurisdiction over Mr. Franks.  Responding further, SCG states that Mr. Franks is not a proper party to this litigation.

15.     In response to paragraph 15 of the complaint, SCG denies that it committed acts of patent infringement in this judicial district or any other judicial district.  In as much as Plaintiffs have attempted to state a claim for patent infringement and also because SCG has a principal place of business within the jurisdiction of this court, SCG admits that venue is proper in this court.

## "HISTORY OF SYNTHETIC GRASS"

16.     SCG admits the allegations of paragraph 16 of the complaint.

17.     In response to the narrative of paragraph 17 of the complaint, SCG admits that some types of synthetic surfaces have resulted in injuries to players, that some owners and operators of sports fields have sought safer synthetic grass surfaces, and that some companies have focused on developing synthetic surfaces that are more like natural grass.  SCG denies the remaining allegations of paragraph 17 of the complaint.

18.     SCG denies knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the complaint, and therefore deny same.

19.     In response to paragraph 19 of the complaint, SCG refers to U.S. Patent Nos. 6,551,689 (the "689" patent) and 6,746,752 (the "752" patent), which speak for themselves; and deny the remaining allegations in paragraph 19 of the complaint.

## "SCG INSTALLS INFRINGING FIELD AT CONCORD UNIVERSITY"

20.     SCG admits that it has installed certain FieldTurf products as alleged in paragraph 20 of the complaint, but denying the remaining allegations in paragraph 20 of the complaint.

21.     SCG admits the allegations in paragraph 21 of the complaint to the extent that it installed synthetic turf at Concord university in Athens, West Virginia; and deny the remaining allegations in paragraph 21 of the complaint.

22.     SCG admits the allegations in paragraph 22 of the complaint that a synthetic turf was installed at Concord University but denies the remaining allegations of paragraph 22 as the product of Plaintiffs' incomplete, inaccurate, or non-existent investigation.

23.     SCG denies the allegations of paragraph 23 of the complaint as vague, ambiguous, and misleading.

## "COUNT I"

## "(Infringement of U.S. Patent No. 6,551,689)"

24.     In response to paragraph 24 of the complaint, SCG incorporates by reference of the above admissions, denials, and responses as if fully set forth herein.

25.     SCG denies the allegations of paragraph 25 of the complaint.

26.     SCG denies the allegations of paragraph 25 of the complaint.

27.     SCG denies the allegations of paragraph 27 of the complaint.

**"COUNT II"**

**"(Infringement of U.S. Patent No. 6,746,752)"**

28.     In response to paragraph 28 of the complaint, SCG incorporates by reference of the above admissions, denials, and responses as if fully set forth herein.

29.     SCG denies the allegations of paragraph 29 of the complaint.

30.     SCG denies the allegations of paragraph 30 of the complaint.

31.     SCG denies the allegations of paragraph 31 of the complaint.

32.     SCG denies all allegations of the complaint not specifically admitted above.

33.     SCG denies each and every assertion contained in the "WHEREFORE" clause of the complaint wherein relief is requested.

**FIRST AFFIRMATIVE DEFENSE**

34.     Plaintiffs' fails to state causes of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

35.     The '689 patent is invalid for failure to comply with one or more of 35 U.S.C. §§102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

36.      The '752 patent is invalid for failure to comply with one or more of 35 U.S.C. §§102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE**

37.     Defendants have not infringed, directly or indirectly, or actively induced others to infringe, or contributed to the infringement by others of, any valid or enforceable claim of the '689 patent.

## FIFTH AFFIRMATIVE DEFENSE

38.     Defendants have not infringed, directly or indirectly, or actively induced others to infringe, or contributed to the infringement by others of, any valid or enforceable claim of the '752 patent.

## SIXTH AFFIRMATIVE DEFENSE

39.     Plaintiffs are barred by prosecution history estoppel from presenting an interpretation of the claims necessary to find infringement.

## SEVENTH AFFIRMATIVE DEFENSE

40.     The '689 and '752 patents and/or any other patent in the same family as the foregoing patents are invalid and unenforceable due to the patentees's fraudulent procurement and/or inequitable conduct before the United States Patent and Trademark Office.

## EIGHTH AFFIRMATIVE DEFENSE

41.     Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

42.     Plaintiffs had made unjustified claims of patent infringement and commenced actions for patent infringement against the defendants and others without a good faith basis and/or without reasonable justification in violation of their Civil Rule 11 obligations.

## TENTH AFFIRMATIVE DEFENSE

43.     Plaintiffs have unlawfully attempted to extend the scope of patent rights under the '689 and '752 patents and those patents are unenforceable as a result.

## ELEVENTH AFFIRMATIVE DEFENSE

44.     Upon information and belief, Plaintiffs come before this court with unclean hands in that they have misused the patents-in-suit by unlawfully attempting to extend the monopoly of

such patents and by commencing the present action with the knowledge and belief that defendants have not and do not infringe the patents-in-suit.

## TWELFTH AFFIRMATIVE DEFENSE

45.     Upon information and belief, the patentee for the patents-in-suit breached his duty of candor in dealing with the United States Patent and Trademark Office by misrepresenting and/or omitting material information during the course of prosecution of the asserted patents including without limitation sales and installations by patentee and Plaintiffs' predecessor of artificial turf products more than one-year before the priority dates asserted in the patents-in-suit.

## COUNTERCLAIMS

1.     While denying liability to Plaintiffs, and not waiving any defenses to Plaintiffs' complaint, SCG for its Counterclaim, states as follows:

2.     SCG incorporates by reference all statements, allegations, averments, admissions, and denials contained in SCG's answer to the complaint, as fully set forth herein.

### Jurisdiction and Venue

3.     This Court has jurisdiction over the subject matter of SCG's counterclaims to the same extent this Court has jurisdiction over the complaint.  Furthermore this court has jurisdiction pursuant over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201, 2202 and1367.

4.     Venue is proper in this District to the same extent that venue is proper for the complaint and by virtue of Plaintiffs having filed their complaint here and pursuant to 28 U.S.C. §§1391(b) and/or (c).

## First Counterclaim

(Non-infringement of the Subject Patents)

5.      Upon information and belief, SCG has not infringed, directly or indirectly, or actively induced others to infringe, or contributed to the infringement by others of, any valid or enforceable claim of any of the subject patents.

6.      By virtue of the complaint and these counterclaims, an actual and justiciable controversy exists between the parties concerning the infringement of the subject patents.  A judicial declaration of invalidity is necessary pursuant to Fed. R. 57 and 28 U.S.C. §2201 and appropriate in order to resolve the controversy.

## Second Counterclaim

(Deceptive Trade Practices)

7.      SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

8.      Plaintiffs have willfully disparaged the goods, services, and business of SCG by making representations of fact known to be false in violation of R.C. 4165.03(A)(2).

9.      Plaintiffs have willfully misrepresented that goods and services offered by SCG infringe upon Plaintiffs' claimed patent rights causing a likelihood of confusion and misunderstanding of the particular style and/or model of goods offered for sale by and through SCG knowing that said goods and services do not violate any of Plaintiffs' claimed patent rights in violation of R.C. 4165.03(A)(9).

10.     Plaintiffs' unlawful conduct has caused and is causing irreparable harm to SCG and unless restrained, will continue to cause irreparable harm to SCG for which it has no adequate remedy at law.

11.     SCG has been damaged as a direct and proximate result of Plaintiffs' deceptive trade practices and has and will suffer damages in an amount not less than $75,000.00 to be determined at trial.  Furthermore, as a result of the intentional and egregious behavior of Plaintiffs, SCG is entitled to injunctive relief, attorney's fees under R.C. 4165.03(B,) and punitive damages in an amount to be determined at trial.

### Third Counterclaim

(Tortious Interference with Business and Pre-Contractual Relations)

12.     SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

13.     Plaintiffs are litigious in nature and have threatened legal actions against numerous defendants, third-parties, and prospective customers.

14.     Plaintiffs have made and continue to make allegations of infringement and false representations as to the quality and characteristics of SCG's goods and services that are unfounded and that were intended to cause fear and apprehension in SCG's prospective customers and to cause such prospective customers to refrain from entering into contracts that, but for Plaintiffs' actions, otherwise would have contracted with SCG.

15.     Plaintiffs have made repeated false allegations of patent infringement and commenced infringement actions without examining or performing an analysis of SCG's products and fields and without knowledge of the fields and products which SCG has and would install.

16.      In doing so, Plaintiffs intentionally and improperly interfered with SCG's prospective contractual relations by inducing and otherwise causing third parties not to enter into or continue with a prospective business relationship with SCG and unfairly prevents SCG from acquiring or continuing prospective business relationships.

17.     Plaintiffs were aware of the prospective business relationship as they were competing against SCG for the same prospective business relationships and made the knowing and wilful disparagement and misrepresentations for the purpose of gaining an unfair and illegitimate advantage over SCG in the bid submission/award process.

18.     Plaintiffs have no right, privilege, or legitimate justification to unlawfully disparage SCG's goods, services, and business and to intentionally misrepresent that SCG's goods and services infringed upon Plaintiffs' claimed patent rights.

19.     As a result of Plaintiffs disparagement and false representations, SCG has lost numerous jobs and its business reputation has been damaged.

20.     SCG has been damaged as a direct and proximate result of Plaintiffs' tortious interference with SCG's business and pre-contractual relationships and has and will suffer damages in an amount not less than $75,000.00 to be determined at trial.  Furthermore, as a result of the intentional and egregious behavior of Plaintiffs, SCG is entitled to injunctive relief, attorney's fees, and punitive damages in an amount to be determined at trial.

## Fourth Counterclaim

(Violation of Section 43(a) of the Lanham Act)

21.     SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

22.     Plaintiffs' false representations as described above constitute a violation of §43(a) of the Lanham Act (15 U.S.C. 1125).

23.     Plaintiffs' false representations have deceived and are likely to deceiver SCG's customers and potential customers.

24.     Plaintiffs' false representations are material and have caused injury to SCG and is likely to continue to do so.

25.     Plaintiffs' false representations were made without a reasonable or good faith belief of their truthfulness.

26.     Plaintiffs' false representations have caused and will continue to cause SCG irreparable harm for which SCG has no adequate remedy at law.

27.      SCG has been damaged as a direct and proximate result of Plaintiffs' violations of the Lanham Act and has and will suffer damages in an amount not less than $75,000.00 to be determined at trial.  Furthermore, as a result of Plaintiffs' violations, SCG is entitled to injunctive relief, attorney's fees, and treble damages as allowed by law.

### Fifth Counterclaim

(Violations of 15 U.S.C. §2)

28.     SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

29.     During the application and prosecution of the subject patents, Plaintiffs' predecessor and/or the patentee breached their affirmative duties of candor in dealing with the United States Patent and Trademark Office by knowingly and wilfully misrepresenting and/or failing to disclose facts material to the patent examinations and the United States Patent and Trademark Office, including without limitation sales and installations by patentee and Plaintiffs' predecessor of artificial turf products more than one-year before the priority dates asserted in the patents-in-suit by, for example, sales to an installations at Ringgold High School in Pennsylvania and Delta Park, Oregon.

30.     Plaintiffs's predecessor and/or patentee knew or should have known that the disclosure of the withheld information would result in the declination of the patent applications.

31.     Plaintiffs' predecessor and/or patentee withheld and/or failed to disclose said information to the United States Patent and Trademark Office with the intent to deceive the United States Patent and Trademark Office into granting the subject patents.

32.     The United States Patent and Trademark Office relied on the misrepresentations and omissions of fact, knowingly and intentionally made by Plaintiffs' successor and/or the patentee, when it granted the subject patents.

33.     The subject patents were not patentable had a complete and lawful disclosure been made by Plaintiffs' predecessor and/or the patentee at the time of the applications to the United States Patent and Trademark Office.

34.     Plaintiff has repeatedly sought to maintain and enforce the subject patents, by prosecuting this lawsuit and others and threatening numerous lawsuits, while knowing that the subject patents were invalid and fraudulently obtained.

35.     Plaintiffs have engaged in an unlawful anti-competitive and predatory pattern of alleging patent infringement of the subject patents in the market place and to potential customers of SCG with no good faith basis to claim infringement of some or all of the subject patents.

36.     By the commencement of this action, Plaintiffs asserted a cause of action for infringement of the subject patents without any reasonable basis therefore and without inspecting the alleged infringing product.

37.     The '752 and '689 patents provide to Plaintiffs actual power, or a probability of success of achieving a monopoly in a well-defined relative market.

38.     The improper allegations of Plaintiffs that the scope of the subject patents are broader than the scope of the claims in the patents actually issued by the United States Patent and Trademark Office, provide to Plaintiffs actual power, or a probability of success of achieving a monopoly in a well-defined relative market.

39.     Plaintiffs actions have damaged and threaten to damage SCG's business relationships and good will with customers and prospective customers, and threaten to create a monopoly power in the artificial turf product.

40.     Plaintiffs' restraint of trade has had a substantially harmful effect on SCG in its business and on the competition in the manufacturing and sale of artificial turf systems.

41.     Plaintiffs' restraint of trade has harmfully affected competition in the United States and such harmful effects outweigh any beneficial effects on competition.  Such conduct and acts of Plaintiffs unreasonably restrain trade in the relevant market and were done with the purpose and intent to control prices and/or unlawfully monopolize trade and commerce in violation of 15 U.S.C. §2.

42.     As a result of Plaintiffs' unlawful conduct, SCG has lost sales, profits, and other damages in an amount in excess of $75,000.00 to be determined at trial and SCG has incurred attorney's fees, costs, and other damages defending against the unlawful predatory conduct embodied by Plaintiffs' complaint.

43.     Plaintiffs' unlawful conduct has caused and is causing irreparable harm to SCG and unless restrained, will continue to cause irreparable harm to SCG and the public will be damaged by the gradual weakening or elimination of SCG and others in the sale of artificial turf systems in the relevant market and weakening or elimination of independent sources and suppliers of artificial turf systems.

-13-

**Sixth Counterclaim**

(Common Law Unfair Competition)

44.     SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

45.     Plaintiffs' acts as described herein constitute acts of common law unfair competition because, among other things, they amount to an intentional misappropriation of SCG's commercial advantage based on disparagement and knowing false representations concerning SCG's goods and services and false allegations patent infringement.

46.     Plaintiffs' acts of unfair competition have caused and will continue to cause SCG irreparable harm for which it has not adequate remedy at law.

47.     SCG is entitled to an injunction enjoining and restraining Plaintiffs from engaging in such unfair competition

48.     SCG has been damaged as a direct and proximate result of Plaintiffs' unfair competition in an amount not less than $75,000.00 to be determined at trial. Furthermore, as a result of the intentional and egregious behavior of Plaintiffs, SCG is entitled to punitive damages and attorney's fees in an amount to be determined at trial.

**Seventh Counterclaim**

(Invalidity of the Subject Patents)

49.     SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

50.     Upon information and belief, the claims of the subject patents are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, particularly 35 U.S.C. §§102, 103, and/or 112.

51.     By virtue of the complaint and these counterclaims, an actual and justiciable controversy exists between the parties concerning the validity of the subject patents.  A judicial declaration of invalidity is necessary pursuant to Fed. R. 57 and 28 U.S.C. §2201 and appropriate in order to resolve the controversy.

WHEREFORE, having fully answered Defendant Sports Construction Group respectfully requests this honorable court to enter judgment against Plaintiffs as follows:

A.      Dismissing the complaint with prejudice;

B.      A declaration that Defendants do not infringe the subject patents, either literally or under the doctrine of equivalents;

C.      A declaration that the subject patents are invalid and unenforceable.

D.      A preliminary and permanent injunction enjoining Plaintiffs or any person or entity in privity with Plaintiffs from charging or asserting infringement of any claims of the subject patents against Defendants or any person or entity in privity with Defendants.

E.      A preliminary and permanent injunction enjoining Plaintiffs or any person or entity in privity with Plaintiffs from engaging in deceptive trade practices against Defendants as proscribed by R.C. 4165.03;

F.      A preliminary and permanent injunction enjoining Plaintiffs or any person or entity in privity with Plaintiffs from engaging in deceptive practices against Defendants as proscribed by the Lanham Act;

G.      A preliminary and permanent injunction enjoining Plaintiffs or any person or entity in privity with Plaintiffs from engaging in unfair competition;

-15-

H      Declaring this an exceptional case under 35 U.S.C. §285 and rendering an award to Defendants of their reasonable attorneys' fees;

I.      Awarding Defendants compensatory damages in an amount in excess of $75,000.00 to be determined at trial, including treble damages and punitive damages as allowed by law;

K.      Awarding Defendants pre- and post-judgment interests and costs and attorneys' fees as allowed by law; and

L.      Granting Defendants such other further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Joseph R. Spoonster

John K. Lind (#0052247)
Ronald H. Lasko (#0023414)
Joseph R. Spoonster (#0070863)
Thomas J. Vozar (#0037417)
Lasko & Lind Co. L.P.A.
1406 West Sixth Street, Suite 200
Cleveland, Ohio 44113-1300
Telephone:    216-574-2600
Facsimile:    216-574-2800
E-Mails:      jlind@laskolind.com
              rlasko@laskolind.com
              jspoonster@laskolind.com
              tvozar@laskolind.com

Attorneys for Defendants Sports Construction Group, LLC and Paul Franks

**Jury Trial Demand**

Defendant requests a trial by jury of the maximum number permitted by law.

/s/ Joseph R. Spoonster
Joseph R. Spoonster (#0070863)

-16-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2006, a copy of the foregoing Answer and Counterclaim was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  This pleading may be accessed through the Court's electronic filing system.

<u>/s/ Joseph R. Spoonster</u>
Joseph R. Spoonster (#0070863)