UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FIELDTURF USA, INC., et al. | CASE NO.  1:06 CV 2624 |
| Plaintiffs, | Judge Patricia A. Gaughan |
| v. | |
| SPORTS CONSTRUCTION GROUP, LLC., et al. | **DEFENDANT PAUL FRANKS' 12(B)(6) MOTION TO DISMISS** |
| Defendants. | |

Defendant Paul Franks moves this Court for an order dismissing the claims asserted against him for personal liability pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure.

## LAW AND ANALYSIS

This patent infringement case was filed by Plaintiffs Fieldturf, USA, Inc. and Fieldturf Tarkett, Inc. (collectively "Fieldturf") asserting that a synthetic field installed by Sports Construction Group, LLC ("SCG") infringes upon two patents owned by Fieldturf identified as patents '689 and '752.  See Complaint, ¶¶25 and 29.  Fiedlturf has named Paul Franks, the president of SCG, as a defendant in his personal capacity to harass and intimidate SCG and unfairly gain leverage in this litigation to serve it business model of bullying and threatening its competitors and the marketplace with spurious patent infringement lawsuits.

Mr. Franks is admittedly the president of SCG  and, as any president of a small company, is involved in the management and operations of SCG.  However, these admitted facts are insufficient to name Mr. Franks as a party-defendant to this case.

Fieldturf does not cite the statutory basis under 35 U.S.C. §271 for naming Mr. Franks as an individual defendant in this case and does not specify whether he has been named for: 1) direct

infringement under §271(a); (2) inducing infringement under §271(b); or (3) both. This distinction is significant because a claim for direct infringement against a corporation's officers requires the plaintiff to provide a sufficient factual basis to justify piercing the corporate veil, while a claim for inducing infringement requires the plaintiff to provide a sufficient factual basis of culpability through active and knowing infringement. However, the general generic allegations of Fiedlturf's complaint do neither.

### A.     Fieldturf's complaint fails to state a claim for direct infringement.

The Federal Circuit has stated that to hold corporate officers personally liable for a corporation's direct infringement under 35 U.S.C. §271(a) "there must be evidence to justify piercing the corporate veil." ***Manville Sales Corp. v. Paramount Sys., Inc.***, 917 F.2d 544, 552 (Fed. Cir. 1990). The Federal Circuit has emphasized that the "corporate entity deserves respect and legal recognition unless specific, unusual circumstances justify disregarding the corporate structure." ***Al-Site Corp. v. VSI Int'l, Inc.***, 174 F.3d 1038, 1331 (Fed. Cir. 1999). In addition, "unless there is at least 'specific intent to escape liability for a specific tort . . . the cause of justice does not require disregarding the corporate entity.'" ***Manville Sales Corp.***, 917 F.2d at 552.

In this case, Fieldturf does not include any allegations suggesting that the corporate veil should be pierced to impose personal liability on Mr. Franks for direct infringement under §271(a). Fieldturf does not allege that SCG is a sham corporation or that the corporation is an alter ego of Mr. Franks, nor does Fiedlturf allege that Mr. Franks acted with specific intent to escape liability for a specific tort. Even accepting the allegations in the complaint as true, nothing in the complaint suggests that Mr. Franks abused or disregarded the corporate form or acted outside the strictures of the corporate structure. Therefore, to the extent that Fieldturf's complaint may be construed as

bringing claims against Mr. Franks for direct infringement under 35 U.S.C. §271(a) such claims must be dismissed under Rule 12(b)(6) for failure to state a claim.

**B.     Fieldturf's complaint fails to state a claim for inducing infringement.**

35 U.S.C. §271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To be held personally liable for inducing infringement under this section, a corporate officer "must act culpably in that the officer must actively and knowingly assist with the corporation's infringement." ***Hoover Group, Inc. v. Custom Metalcraft, Inc.***, 84 F.3d 1408, 1412 (Fed. Cir. 1996). "[U]nless the corporate structure is a sham . . . personal liability for inducement to infringe is not automatic but must be supported by personal culpability." ***Id.*** Personal culpability under §271(b) requires more than mere knowledge of the acts alleged to constitute infringement; instead, it "must be established that the defendant possessed specific intent to encourage another's infringement." ***Manville***, 917 F.2d at 553.

Fieldturf will likely rely on the following allegations of the complaint to buttress its personal liability claim:

> "On information and belief, Mr. Franks is well aware of FieldTurf's '689 and/or '752 patents. Mr. Franks, through SCG, has acted as a general contractor, wherein FieldTurf's products have been used, and has been made aware of its patents." Complaint, ¶20.

> "FieldTurf is informed and believes Mr. Franks personally took part in or personally directed, or actively and knowingly aided and abetted SCG's infringement. Mr. Franks authorized and approved the installation of the synthetic turf field at Concord University in a manner that infringed FieldTurf's" '689 and '752 patents. Complaint, ¶¶26 and 30.

Because it has not alleged that SCG was a sham corporation during the relevant time period or any other grounds for disregarding the corporate shield, Fieldturf has the burden of showing that Mr. Franks actively and knowingly assisted SCG's alleged infringement of Fieldturf's patents. Fieldturf's only allegation on this issue is that "on information and belief" Mr. Franks is "well

aware" of the existence of its patents because SCG has acted as a general contractor on unidentified projects involving unidentified Fieldturf products. Complaint, ¶20. Fiedlturf's complaint does not state as matter of fact that Mr. Franks had knowledge of the subject patents and cannot even definitively identify the projects from which it believes Mr. Franks derived knowledge of Fieldturf's claimed patent rights.

Fiedlturf's defective pleading is not saved by the conclusory allegations suggesting several different scenarios that "Mr. Franks personally took part in or personally directed, or actively and knowingly aided and abetted SCG's infringement" by authorizing and approving the installation of the synthetic turf field at Concord University in a manner that infringed FieldTurf's" '689 and '752 patents. Complaint, ¶¶26 and 30. These allegations are similarly prefaced by the caveat that they are premised on Fieldturf's believe of the facts and not upon any specific allegations of fact.

Although for the purposes of Civ. R. 12(b)(6), the Court must accept all well-pleaded factual allegations as true, the Court is not required to accept conclusory allegations. **Blackburn v. Fisk Univ.**, 443 F.2d 121, 124 (6th Cir. 1971). Fieldturf's suspicions and speculation are not a sufficient bases to name Mr. Frank's individually. Fieldturf's inclusion of Mr. Franks in his individual capacity is supported only by conclusory allegations that fail to meet the special showing of culpability with specific intent to encourage infringement necessary to state a claim for personal liability under §271(b).

This Court is not required to accept Fieldturf's conclusory allegations - especially given the ambivalent nature of the allegations upon which Fieldturf bases its personal liability claim. Fieldturf should not be permitted to abuse the notice pleading requirements of the Civil Rules to name Mr. Franks as an individual defendant so that it can subject him to an invasive fishing expedition for facts to support its speculative claims of personal liability. If facts develop in this litigation that

would allow Fieldturf to meet the pleading requirements necessary to state a claim against Mr. Franks in his individual capacity, he can be joined to this case. In the meantime, Fieldturf's complaint fails to state a claim against Mr. Franks and he should be dismissed from this litigation.

WHEREFORE, Defendant Paul Franks moves this Court for an order dismissing the claims asserted against him for personal liability and dismissing him from the within action. Pursuant to Civ. R. 12(a)(4)(A), Defendant will file his Answer to Plaintiffs' Complaint within 10 days of the resolution of this motion, if necessary.

Respectfully submitted,

/s/ Joseph R. Spoonster

John K. Lind (#0052247)
Ronald H. Lasko (#0023414)
Joseph R. Spoonster (#0070863)
Thomas J. Vozar (#0037417)
Lasko & Lind Co. L.P.A.
1406 West Sixth Street, Suite 200
Cleveland, Ohio 44113-1300
Telephone:   216-574-2600
Facsimile:   216-574-2800
E-Mails:   jlind@laskolind.com
           rlasko@laskolind.com
           jspoonster@laskolind.com
           tvozar@laskolind.com

James L. Lindon, Ph.D (#0068842)
Lindon & Lindon, LLC
1250 Linda Street
Rocky River, Ohio 44116
Telephone:   440-333-0011
Facsimile:   419-710-4925
E-mail:      JLindon@LindonLaw.com

Attorneys for Defendants,
Sports Construction Group, LLC and Paul Franks

-6-

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2006 a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. This pleading may be accessed through the Court's electronic filing system.

                                                /s/ Joseph R. Spoonster
                                                One of the Attorneys for Defendants,
                                                Sports Construction Group, LLC and Paul Franks