UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FIELDTURF USA, INC., et al. | CASE NO. 1:06 CV 2624 |
| Plaintiffs, | Judge Patricia A. Gaughan |
| v. | |
| SPORTS CONSTRUCTION GROUP, LLC., et al. | DEFENDANTS' PROPOSED CASE MANAGEMENT PLAN |
| Defendants. | |

Defendants Sports Construction Group, LLC and Paul Franks propose the following case management plan to govern this case. The parties have separately filed proposed Case Management Plans because an agreement could not be reached on a discovery plan and briefing schedule.

Since this Court has not adopted local rules to govern the case management of patent infringement cases, Defendants propose utilizing the Patent Local Rules for the United States District Court Northern District of California ("Patent Local Rules"). A copy of the Patent Local Rules are attached as **Exhibit A**.

The Patent Local Rules were promulgated to apply specifically to patent infringement cases, including those coming out Silicon Valley, and are time tested. Since the patents at issue in this case are not nearly as complex as the patents to which the Patent Local Rules regularly apply, there should be no reason why the parties to this case cannot adequately prepare within the time requirements outlined in the Patent Local Rules for the necessary *Markman* hearing to determine what Plaintiffs' patents are and whether there has been an infringement.

At the party's planning meeting, Plaintiffs' counsel objected to the use of the Patent Local Rules, but could not articulate a basis for the objection. Counsel promised to provide an explanation

for his objection as well as other patent local rules adopted by other jurisdictions. Plaintiffs' counsel has done neither and continues to object to the proposed use of patent specific rules to govern this case.

As a result, Defendants are constrained to submit their proposed Case Management Plan that should result in a merits-based determination of this case in less than fifteen (15) months as herein after described pursuant to Loc. R. 16.2. That merits-based determination would include the Markman hearing to determine what the patent is and whether there is a colorable claim of infringement. The last iteration of Plaintiff's proposal would have this case extend indefinitely beyond that reasonable deadline. This court and Defendants are entitled to have this matter resolved efficiently and with finality within a reasonable period of time. Defendants' propose discovery on patent and other matters to be completed by June 28, 2007 and trial no later than October 2007. In the event the parties cooperate and act reasonably, there should be no reason this matter cannot be resolved on a standard track.

The two patents at issue are related patents for synthetic grass field assemblies involving a particular use of rubber and sand in-fill layering. The patents are not complex. Nothing concerning the patents would warrant disregarding the Patent Local Rules all together and Plaintiffs have offered no substantive reasons for not adopting the Patent Local Rules to this case.

The parties did agree in discussions at the planning meeting to disclose the asserted claims of patent infringement by January 10, 2007 in accordance with §§3.1 and 3.2 of the Patent Local Rules. Based on the agreement to make such disclosures, the following Case Management Plan is proposed:

**1/10/06 - Disclosure of Asserted Claims and Preliminary Patent Infringement Contentions:**

The party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions," which shall contain the following:

(A) Identify each claim of each patent in suit that is allegedly infringed.

(B) Separately for each asserted claim, identify as specifically as possibly the accused product that is allegedly infringing upon the patents in suit.

(C) Chart identifying specifically where each element of each asserted claim is found within each accused product, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in the accused product that performs the claimed function.

(D) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product.

(E) Document production to accompany Disclosure of Asserted Claims and Preliminary Infringement Contentions:

> 1) Documents (e.g. contracts purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidence or is prior art under 35 U.S.C. §102;
>
> 2) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit;
>
> 3) A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

**2/24/07 - Preliminary Invalidity Contentions:**

Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions," which shall include the following:

(A) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country or origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. §102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place of the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the use or which made and received the offer, of the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(B) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items or prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(C) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identify of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(D) Any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) or enablement or written description under 35 U.S.C. §112(l) of any of the asserted claims.

(E) Document production to accompany Preliminary Invalidity Contentions:

  1) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an accused product identified by the patent claimant in its Disclosure of Asserted Claims and Preliminary Infringement Contentions chart; and

  2) A copy of each item of prior art which does not appear in the file history of the patents at issue. To the extent any such item is not in English, an English translation of the portions relied upon must be produced.

**3/6/07 - Exchange of Proposed Terms and Claim Elements for Construction:**

Each party shall simultaneously exchange a list of claims terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which the party contends should be governed by 35 U.S.C. §112(6).

Thereafter, the parties shall meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

**3/26/07 - Exchange of Preliminary Claim Constructions and Extrinsic Evidence:**

Each party shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. §112(6), identify the structures, acts, or materials corresponding to that element.

At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient, or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

Thereafter, the parties shall meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Prehearing Statement.

**5/28/07 - Joint Claim Construction and Prehearing Statement:**

The parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

(A) The construction of those claim terms, phrases, or clauses on which the parties agree;

(B) Each party's proposed construction of each disputed term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony or percipient and expert witnesses;

(C) The anticipated length of time necessary for the Claim Construction Hearing;

(D) Whether any party proposes to call on or more witnesses, including experts, at the Claim Construction Hearing, the identify of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

(E) A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

**6/28/07 - Completion of Claim Construction Discovery:**

The parties shall complete all discovery relating to patent claim construction and all other matters, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

**7/13/07 through August 14, 2007 - Claim Construction Briefs and Hearing:**

(A) Plaintiffs shall serve and file an opening brief and any evidence supporting its claim construction.  (B) Defendants shall serve and file its responsive brief and supporting evidence on or before July 27, 2007.  (C)  Plaintiffs shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response on or before August 3, 2007.

Two weeks following the submission of the reply brief, the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

**Final Pretrial:**

Two weeks before trial on a date to be determined.

**Trial:**

No later than October, 2007.

        Respectfully submitted,

        /s/ Joseph R. Spoonster

        John K. Lind (#0052247)
        Ronald H. Lasko (#0023414)
        Joseph R. Spoonster (#0070863)
        Thomas J. Vozar (#0037417)
        Lasko & Lind Co. L.P.A.
        1406 West Sixth Street, Suite 200
        Cleveland, Ohio 44113-1300
        Telephone:   216-574-2600
        Facsimile:    216-574-2800
        E-Mails:      jlind@laskolind.com
                          rlasko@laskolind.com
                          jspoonster@laskolind.com
                          tvozar@laskolind.com

        James L. Lindon, Ph.D (#0068842)
        Lindon & Lindon, LLC
        1250 Linda Street
        Rocky River, Ohio 44116
        Telephone:   440-333-0011
        Facsimile:    419-710-4925
        E-mail:       JLindon@LindonLaw.com

        Attorneys for Defendants,
        Sports Construction Group, LLC and Paul Franks

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2006 a copy of the foregoing Proposed Case Management Plan was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. This pleading may be accessed through the Court's electronic filing system.

                                        /s/ Joseph R. Spoonster
                                        One of the Attorneys for Defendants,
                                        Sports Construction Group, LLC and Paul Franks