**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FIELDTURF USA, INC. ) <br> 5211 Mitchell Bridge Road ) <br> Dalton, Georgia 30721 ) <br> ) <br> -and- ) <br> ) <br> FIELDTURF TARKETT INC. ) <br> 8088 Montview Road ) <br> Town of Mount Royal Quebec ) <br> Canada, H4P2L7 ) <br> ) <br>             Plaintiffs, ) <br>     v. ) <br> ) <br> SPORTS CONSTRUCTION GROUP, LLC ) <br> 1406 West Sixth Street ) <br> Suite 200 ) <br> Cleveland, Ohio 44113 ) <br> ) <br> -and- ) <br> ) <br> PAUL FRANKS ) <br> 1406 West Sixth Street ) <br> Suite 200 ) <br> Cleveland, Ohio 44113 ) <br> ) <br> ) <br>             Defendants. ) | CASE NO.: 1:06CV2624 <br><br> JUDGE PATRICIA A. GAUGHAN <br><br><br> **REPLY TO DEFENDANT'S** <br> **ANSWER AND COUNTERCLAIMS** |

The Plaintiffs/Counterdefendants, FieldTurf USA, Inc. and FieldTurf Tarkett Inc. (collectively "FieldTurf"), hereby respond to the Counterclaim asserted by Defendant/Counterclaimant Sports Construction Group, LLC (hereinafter "SCG"), as follows:

**COUNTERCLAIMS**

1.   While denying liability to Plaintiffs, and not waiving any defenses to Plaintiffs' complaint, SCG for its Counterclaim, states as follows:

**Answer:**

No response is necessary.

2. SCG incorporates by reference all statements, allegations, averments, admissions, and denials contained in SCG's answer to the complaint, as fully set forth herein.

**Answer:**

No response is necessary.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of SCG's counterclaims to the same extent this Court has jurisdiction over the complaint. Furthermore this court has jurisdiction pursuant over these counterclaims pursuant to 28 U.S.C. §§1331, 1332, 1338, 2201, 2202 and 1367.

**Answer:**

FieldTurf admits that this Court has jurisdiction over the complaint and over the alleged counterclaims.

4. Venue is proper in this District to the same extent that venue is proper for the complaint and by virtue of Plaintiffs having filed their complaint here and pursuant to 28 U.S.C. §§ 1391(b) and /or (c).

**Answer:**

Admitted.

## First Counterclaim

(Non-infringement of the Subject Patents)

5. Upon information and belief, SCG has not infringed, directly or indirectly, or actively induced others to infringe, or contributed to the infringement by others of, any valid or enforceable claim of any of the subject patents.

**Answer:**

Denied.

6.    By virtue of the complaint and these counterclaims, an actual and justiciable controversy exists between the parties concerning the infringement of the subject patents. A judicial declaration of invalidity is necessary pursuant to Fed. R. 57 and 28 U.S.C. §2201 and appropriate in order to resolve the controversy.

**Answer:**

FieldTurf admits that there is an actual and justiciable controversy between the parties concerning the infringement of the subject patents, but FieldTurf denies that a judicial declaration of invalidity is necessary and appropriate to resolve the controversy.

### Second Counterclaim

(Deceptive Trade Practices)

7.    SCG incorporates by reference all of the allegations set forth above as if fully repeated therein.

**Answer:**

FieldTurf repeats its statements set forth hereinabove.

8.    Plaintiffs have willfully disparaged the goods, services, and business of SCG by making representations of fact known to be false in violation of R.C. 4165.03(A)(2).

**Answer:**

FieldTurf denies the entirety of Paragraph 8, and particularly denies that it has made any representations of fact known to be false.

9.    Plaintiffs have willfully misrepresented that goods and services offered by SCG infringe upon Plaintiffs' claimed patent rights causing a likelihood of confusion and misunderstanding of the particular style and/or model of goods offered for sale by and through SCG knowing that said goods and services do not violate any of Plaintiffs' claimed patent rights in violation of R.C. 4165.03(A)(9).

**Answer:**

Denied.

10. Plaintiffs' unlawful conduct has caused and is causing irreparable harm to SCG and unless restrained, will continue to cause irreparable harm to SCG for which it has no adequate remedy at law.

**Answer:**

Denied.

11. SCG has been damaged as a direct and proximate result of Plaintiffs' deceptive trade practices and has and will suffer damages in an amount not less than $75,000.00 to be determined at trial. Furthermore, as a result of the intentional and egregious behavior of Plaintiffs, SCG is entitled to injunctive relief, attorney's fees under R.C. 4165.03(B,) and punitive damages in an amount to be determined at trial.

**Answer:**

Denied.

### Third Counterclaim

(Tortious Interference with Business and Pre-Contractual Relations)

12. SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

**Answer:**

FieldTurf repeats its statements set forth hereinabove.

13. Plaintiffs are litigious in nature have threatened legal actions against numerous defendants, third-parties, and prospective customers.

**Answer:**

FieldTurf admits all of the allegations of paragraph 13 with the exception of it being litigious in nature, leaving SCG to its proof.

14. Plaintiffs have made and continue to make allegations of infringement and false representations as to the quality and characteristics of SCG's goods and services that are unfounded and that were intended to cause fear and apprehension in SCG's prospective customers and to cause such prospective customers to refrain from entering into contracts that, but for Plaintiffs' action, otherwise would have contracted with SCG.

**Answer:**

Denied.

15. Plaintiffs have made repeated false allegations of patent infringement and commenced infringement actions without examining or performing an analysis of SCG's products and fields and without knowledge of the fields and products which SCG has and would install.

**Answer:**

Denied.

16. In doing so, Plaintiffs intentionally and improperly interfered with SCG's prospective contractual relations by inducing and otherwise causing third parties not to enter into or continue with a prospective business relationship with SCG and unfairly prevents SCG from acquiring or continuing prospective business relationships.

**Answer:**

Denied.

17. Plaintiffs were aware of the prospective business relationship as they were competing against SCG for the same prospective business relationships and made the knowing and willful disparagement and misrepresentations for the purpose of gaining an unfair and illegitimate advantage over SCG in the bid submission/award process.

**Answer:**

FieldTurf admits that it does on occasion compete against SCG for the same prospective business relationship. FieldTurf denies the remaining allegations of Paragraph 17, leaving SCG to its proof.

18.     Plaintiffs have no right, privilege, or legitimate justification to unlawfully disparage SCG's goods, services, and business and to intentionally misrepresented that SCG's goods and services infringed upon Plaintiffs' claimed patent rights.

**Answer:**

Denied. Additionally, FieldTurf has not engaged in any unlawful conduct.

19.     As a result of Plaintiffs disparagement and false representations, SCG has lost numerous jobs and its business reputation has been damaged.

**Answer:**

FieldTurf denies the entirety of Paragraph 19, and particularly denies that it has made any disparaging or false representations, leaving SCG to its proof.

20.     SCG has been damaged as a direct and proximate result of Plaintiffs' tortious interference with SCG's business and pre-contractual relationships and has and will suffer damages in an amount not less than $75,000.00 to be determined at trial. Furthermore, as a result of the intentional and egregious behavior of Plaintiffs, SCG is entitled to injunctive relief, attorney's fees, and punitive damages in an amount to be determined by trial.

**Answer:**

Denied.

### Fourth Counterclaim

(Violation of Section 34(a) of the Lanham Act)

21.     SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

**Answer:**

FieldTurf repeats its statements set forth hereinabove.

22. Plaintiffs' false representations as described above constitute a violation of §43(a) of the Lanham Act (15 U.S.C. 1125).

**Answer:**

Denied.

23. Plaintiffs' false representations have deceived and are likely to deceive[] SCG's customers and potential customers.

**Answer:**

Denied.  FieldTurf specifically denies that it has made any false representations.

24. Plaintiffs' false representations are material and have caused injury to SCG and is likely to continue to do so.

**Answer:**

FieldTurf denies the entirety of Paragraph 24, and particularly denies that it has made any false representations whatsoever.

25. Plaintiffs' false representations were made without a reasonable or good faith belief of their truthfulness.

**Answer:**

Denied.

26. Plaintiffs' false representations have caused and will continue to cause SCG irreparable harm for which SCG has no adequate remedy at law.

**Answer:**

Denied.

27. SCG has been damaged as a direct and proximate result of Plaintiffs' violations of the Lanham Act and has and will suffer damages in an amount not less than $75,000.00 to be determined at trial. Furthermore, as a result of Plaintiffs' violation, SCG is entitled to injunctive relief, attorney's fees, and treble damages as allowed by law.

**Answer:**

Denied.

## Fifth Counterclaim

(Violations of 15 U.S.C. §2)

28. SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

**Answer:**

FieldTurf repeats its statements set forth hereinabove.

29. During the application and prosecution of the subject patent, Plaintiffs' predecessor and/or the patentee breached their affirmative duties of candor in dealing with the United States Patent and Trademark Office by knowingly and willfully misrepresenting and/or failing to disclose facts material to the patent examinations at the United States Patent and Trademark Office, including without limitation sales and installations by patentee and Plaintiffs' predecessor of artificial turf products more than one-year before the priority dates asserted in the patents-in-suit by, for example, sales to an installation at Ringgold High School in Pennsylvania and Delta Park, Oregon.

**Answer:**

Denied.

30. Plaintiffs' predecessor and/or patentee knew or should have known that the disclosure of the withheld information would result in the declination of the patent applications.

**Answer:**

Denied.

31. Plaintiffs' predecessor and/or patentee withheld and/or failed to disclose said information to the United States Patent and Trademark Office with the intent to deceive the United States Patent and Trademark Office into granting the subject patents.

**Answer:**

Denied.

32. The United States Patent and Trademark Office relied on the misrepresentations and omissions of fact, knowingly and intentionally made by Plaintiffs' successor and/or the patentee, when it granted the subject patents.

**Answer:**

Denied.

33. The subject patents were not patentable had a complete and lawful disclosure been made by Plaintiffs' predecessor and/or the patentee at the time of the applications to the United States Patent and Trademark Office.

**Answer:**

Denied.

34. Plaintiff has repeatedly sought to maintain and enforce the subject patents, by prosecuting this lawsuit and others and threatening numerous lawsuits, while knowing that the subject patents were invalid and fraudulently obtained.

**Answer:**

FieldTurf admits that it has sought to maintain and enforce the subject patents. Except as so admitted, FieldTurf denies each and every remaining allegation contained in Paragraph 34 of the counterclaim, leaving SCG to its proof.

35. Plaintiffs have engaged in an unlawful anti-competitive and predatory pattern of alleging patent infringement of the subject patents in the market place and to potential customers of SCG with no good faith basis to claim infringement of some or all of the subject patents.

**Answer:**

Denied.

36. By the commencement of this action, Plaintiffs asserted a cause of action for infringement of the subject patents without any reasonable basis therefore and without inspecting the alleged infringing product.

**Answer:**

Denied.

37. The '752 and '689 patents provide to Plaintiffs actual power, or a probability of success of achieving a monopoly in a well-defined relative market.

**Answer:**

Denied.

38. The improper allegations of Plaintiffs that the scope of the subject patents are broader than the scope of the clams in the patents actually issued by the United States Patent and Trademark Office, provide to Plaintiffs actual power, or a probability of success of achieving a monopoly in a well-defined relative market.

**Answer:**

Denied.

39. Plaintiffs actions have damaged and threaten to damage SCG's business relationships and good will with customers and prospective customers, and threaten to create a monopoly power in the artificial turf product.

**Answer:**

Denied.

40. Plaintiffs' restraint of trade has had a substantially harmful effect on SCG in its business and on the competition in the manufacturing and sale of artificial turf systems.

**Answer:**

FieldTurf denies that it has restrained trade and further denies the remainder of Paragraph 40.

41. Plaintiffs' restraint of trade has harmfully affected competition in the United States and such harmful effects outweigh any beneficial effects on competition. Such conduct and acts of Plaintiffs unreasonably restrain trade in the relevant market and were done with the purpose and intent to control prices and/or unlawfully monopolize trade and commerce in violation of 15 U.S.C. §2.

**Answer:**

See response to Paragraph 40.

42. As a result of Plaintiffs' unlawful conduct, SCG has lost sales, profits, and other damages in an amount of excess of $75,000.00 to be determined at trial and SCG has incurred attorney's fees, costs and other damages defending against the unlawful predatory conduct embodied by Plaintiffs' complaint.

**Answer:**

Denied.

43. Plaintiffs' unlawful conduct has caused and is causing irreparable harm to SCG and unless restrained, will continue to cause irreparable harm to SCG and the public will be damaged by the gradual weakening or elimination of SCG and others in the sale of artificial turf systems in the relevant market and weakening or elimination of independent sources and suppliers of artificial turf systems.

**Answer:**

Denied.

### Sixth Counterclaim

(Common Law Unfair Competition)

44. SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

**Answer:**

FieldTurf repeats its statements set forth hereinabove.

45. Plaintiffs' acts as described herein constitute acts of common law unfair competition because, among other things, they amount to an intentional misappropriation of SCG's commercial advantage based on disparagement and knowing false representations concerning SCG's goods and services and false allegations patent infringement.

**Answer:**

Denied.

46. Plaintiffs' acts of unfair competition have caused and will continue to cause SCG irreparable harm for which it has not adequate remedy at law.

**Answer:**

Denied.

47.     SCG is entitled to an injunction enjoining and restraining Plaintiffs from engaging in such unfair competition.

**Answer:**

Denied.

48.     SCG has been damaged as a direct and proximate result of Plaintiffs' unfair competition in an amount not less than $75,000.00 to be determined at trial. Furthermore, as a result of the intentional and egregious behavior of Plaintiffs, SCG is entitled to punitive damages and attorney's fees in an amount to be determined at trial.

**Answer:**

Denied.

### Seventh Counterclaim

(Invalidity of the Subject Patents)

49.     SCG incorporates by reference all of the allegations set forth above as if fully repeated herein.

**Answer:**

FieldTurf repeats its statements set forth hereinabove.

50.     Upon information and belief, the claims of the subject patents are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, particularly 35 U.S.C. §§102, 103, and/or 112.

**Answer:**

Denied.

51. By virtue of the complaint and these counterclaims, an actual and justiciable controversy exists between the parties concerning the validity of the subject patents. A judicial declaration of invalidity is necessary pursuant to Fed. R. 57 and 28 U.S.C. §2201 and appropriate in order to resolve the controversy.

**Answer:**

FieldTurf admits that there is an actual and justiciable controversy between the parties concerning the validity of the subject patents, but FieldTurf denies that a judicial declaration of invalidity is necessary and appropriate to resolve the controversy.

**WHEREFORE**, having fully answered Defendant Sports Construction Group respectfully requests this honorable court to enter judgment against Plaintiffs as follows:

- A. Dismissing the complaint with prejudice;
- B. A declaration that Defendants do not infringe the subject patents, either literally or under the doctrine of equivalents.
- C. A declaration that the subject patents are invalid and unenforceable.
- D. A preliminary and permanent injunction enjoining Plaintiffs or any person or entity in privity with Plaintiffs from charging or asserting infringement of any claims of the subject patents against Defendants or any person or entity in privity with Defendants.
- E. A preliminary and permanent injunction enjoining Plaintiffs or any person or entity in privity with Plaintiffs from engaging in deceptive trade practices against Defendants as proscribed by R.C. 4165.03;
- F. A preliminary and permanent injunction enjoining Plaintiffs or any person or entity in privity with Plaintiffs from engaging in deceptive practices against Defendants as proscribed by the Lanham Act.
- G. A preliminary and permanent injunction enjoining Plaintiffs or any person or entity in privity with Plaintiffs from engaging in unfair competition.
- H. Declaring this an exceptional case under 35 U.S.C. §285 and rendering an award to Defendants of their reasonable attorneys' fees;

    I.    Awarding Defendants compensatory damages in an amount in excess of $75,000.00 to be determined at trial, including treble damages and punitive damages as allowed by law;

    J.    Awarding Defendants pre-and post-judgment interests and costs and attorneys' fees as allowed by law; and

    K.    Granting Defendants such other further relief as this Court deems just and proper.

**Answer:**

Fieldturf denies that SCG is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to all claims for relief set forth in SCG's Counterclaim, FieldTurf alleges the following:

### FIRST AFFIRMATIVE DEFENSE

Each count of the Counterclaim, and each purported claim for relief therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The acts alleged by SCG are protected by the First Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

SCG has not alleged the requisite antitrust injury.

### FOURTH AFFIRMATIVE DEFENSE

SCG has not alleged the requisite antitrust damages.

### FIFTH AFFIRMATIVE DEFENSE

SCG has not alleged the requisite antitrust standing.

**SIXTH AFFIRMATIVE DEFENSE**

If and to the extent that any monopoly exists, such monopoly was thrust upon FieldTurf because of the superiority and uniqueness of the FieldTurf product, the superior business skill and capability of FieldTurf, the loyalty of FieldTurf's customers, and the preferences of the customers.

**SEVENTH AFFIRMATIVE DEFENSE**

If and to the extent that FieldTurf made any statements about SCG, its officers, its products, its services, its capabilities, its business or its reputation, such statements were true or believed to be true at the time such statements were made.

**EIGHTH AFFIRMATIVE DEFENSE**

If and to the extent that FieldTurf made any statements about SCG, its officers, its products, its services, its capabilities, its business or its reputation, such statements were statements of opinion, not fact.

**NINTH AFFIRMATIVE DEFENSE**

All acts allegedly committed by FieldTurf were reasonable and in good faith.

**TENTH AFFIRMATIVE DEFENSE**

FieldTurf reserves the right to amend and supplement its responses and affirmative defense after further discovery.

Respectfully submitted,

Date:  January 16, 2007      s/ Jody L. Factor
Jody L. Factor, Esq.
Nicholas S. Lee, Esq.
FACTOR & LAKE, LTD
1327 W. Washington Blvd.
Suite 5G/H
Chicago, IL  60607
Phone: (312) 226-1818
Facsimile: (312) 226-1919

Email:  jfactor@factor-lake.com
nlee@factor-lake.com

and

H. Alan Rothenbuecher (0041883)
Schottenstein, Zox & Dunn Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, OH 44115
Phone: 216-621-6501
Facsimile: 216-621-6502
Email:  hrothenbuecher@szd.com

*Attorneys for Plaintiffs*
*FieldTurf USA, Inc. and FieldTurf Tarkett Inc.*

**CERTIFICATE OF SERVICE**

      I, Jody L. Factor hereby certify that on this 16th of January 2007, a copy of the foregoing document entitled, **"REPLY TO DEFENDANT'S ANSWER AND COUNTERCLAIMS"** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

      s/ Jody L. Factor
Jody L. Factor
FACTOR & LAKE, LTD.
1327 W. Washington Blvd., Suite 5G/H
Chicago, Illinois 60607
Phone: (312) 226-1818
Fax: (312) 226-1919
Email: nlee@factor-lake.com