**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FIELDTURF USA, INC., et al. ) | |
| ) | CASE NO.: 1:06CV2624 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **PLAINTIFFS' REPLY TO** |
| SPORTS CONSTRUCTION GROUP ) | **DEFENDANT'S RESPONSE TO** |
| LLC, et al. ) | **PLAINTIFFS' MOTION TO STRIKE** |
| ) | **DEFENDANT'S PRELIMINARY** |
| Defendants. ) | **INVALIDITY CONTENTIONS** |

**I.   INTRODUCTION**

No matter how much Defendant Sports Construction Group, LLC ("SCG") tries to divert attention from its failure to comply with the Court's deadlines, the reality is that it failed on more than one occasion to meet those deadlines. Indeed, instead of articulating a "good cause" for its untimely disclosures and failure to seek the Court's leave, SCG presents superfluous, irrelevant, and nonsensical statements which fail to provide any rationale for why it did not do what it was obligated and promised to do by certain deadlines. Having failed to comply with deadlines it vigorously advocated this Court adopt, it must now live with the consequences of those failures.

**II.   ARGUMENT**

    **1.   SCG HAS FAILED TO DEMONSTRATE THE REQUIRED SHOWING OF "GOOD CAUSE" TO SATISFY BOTH THE RULE 16 STANDARDS AND THE PATENT RULES.**

SCG fails to comprehend the Patent Rules it vociferously sought this Court to adopt for the case management of this case. For example, Patent Rule 3-7 states:

> Amendment or modification of the … Preliminary or Final Invalidity Contentions, other than as expressly permitted in Patent L.R. 3-6, may be made **only by order of the Court**, which shall be entered only upon **a showing of good cause**.

SCG did not do this, plain and simple.  The Preliminary Invalidity Contentions and supporting evidence were due on February 24, 2006.  SCG missed that deadline by nearly two weeks, and has yet to produce the evidentiary support for the untimely contentions.  However, instead of acknowledging that it has erred, SCG attempts to divert attention from its failures by discussing tangential issues.   In fact, it goes so far as to frivolously contend that FieldTurf is the one who "misunderstands" the Patent Rules, even though it is SCG that continues to miss deadlines.  (ECF 31, p.3).  The reality is SCG's failures are at issue, and those failures show violations of the Patent Rules it advocated in support of.  And those failures continue today.

For example, FieldTurf has yet to receive SCG's Proposed Terms and Claim Elements for Construction despite the fact that the Case Management Order stated that the deadline to "exchange" was <u>March 6, 2007</u>.  FieldTurf complied with this deadline by faxing a copy of its Proposed Terms and Claim Elements for Construction to SCG, and mailed the hard copy.  On the other hand, SCG supposedly mailed its Proposed Terms and Claim Elements for Construction on March 6, 2007.  However, FieldTurf has yet to receive a "signed and certified" copy from SCG.  This failure by SCG is yet another violation of the Patent Rules.

Patent Rule 4-1 states:
>  (a)   Not later than 10 days after service of the "Preliminary Invalidity Contentions" … each party **shall simultaneously exchange** a list of claim terms, phrases, or clauses which that party contends should be construed by the Court …

Based on Patent Rule 4-1, SCG should have faxed its Proposed Terms and Claim Elements for Construction, at a minimum, immediately after FieldTurf faxed its copy.  SCG did not do so.  Rather, SCG supposedly mailed its copy, but FieldTurf has yet to receive it.  By acting in such a way, SCG is garnering for itself the improper tactical advantage of reviewing FieldTurf's submissions before providing its own.  Simultaneous exchanges, however means exactly that:  a

{H0876368.1 }

simultaneous exchange so as to prevent any unfair advantage.  This is yet another example of SCG's continuous disregard of the Court's deadlines and applicable Patent Rules, justifying the Court prohibiting SCG from submitting the Proposed Terms and Claim Elements for Construction for failing to adhere to the Court Ordered "simultaneous exchange."  Indeed, no remedy short of the sanctions available under 16(f) will have any reasonable hope of getting SCG to comply with the judicial process; or will have any hope of a fair and realistic restoration of FieldTurf's ability to pursue its claims in a timely manner or otherwise.

    **2.** **SCG'S UNILATERAL DISCLOSURE OF ITS UNTIMELY PRELIMINARY INVALIDITY CONTENTIONS AND THE PROPOSED TERMS AND CLAIM ELEMENTS FOR CONSTRUCTION SHOULD BE STRICKEN BECAUSE THEY ARE IMPROPER.**

Contrary to what it contends now, SCG previously stated that "the parties have separately filed proposed Case Management Plan because an agreement could not be reached on a discovery plan and briefing schedule."  (ECF 15, p.1).  SCG further attested that "[a]t the party's planning meeting, Plaintiffs' counsel objected to the use of the Patent Local Rules."  *Id*.  SCG, however, advocated vigorously for the adoption of the Northern District of California's Local Patent Rules because they "were promulgated to apply specifically to patent infringement cases …, and *are time tested* … [and because] *there should be no reason why the parties to this case cannot adequately prepare within the time requirements outlined in the Patent Local Rules …*" (emphasis added).  *Id*. at p.2.  Now, SCG denies ever advocating for such a position.  (ECF 31, p.2).  Such back-pedaling is tantamount to admitting it had no "good cause" for its disregard of the Court's deadlines.

The only thing SCG has established in its response brief is that its counsel mishandled the case by not complying with Court deadlines for required disclosures.  (ECF 31, p.2).  This is not a "minor" mistake sufficient to permit amendment of its contentions without leave of court.  *See,*

{H0876368.1 }

3

*Berger v. Rossignol Ski Co., Inc.*, 2006 U.S. Dist. LEXIS 52365 *5-6 (N.D. Cal. 2006). Indeed, if the late disclosure was deemed a minor mistake by SCG's counsel, they should have been aware of the mistake at the very latest when FieldTurf moved for motion to strike <u>under the Rule 16 standard</u>. Once aware of the mistake, they should have *immediately* moved for leave to amend their invalidity contentions. They did not. Instead, they baselessly asset that FieldTurf's Motion is "frivolous," without any legal authority whatsoever -- a clear indication that SCG does not understand the Rule 16 standards. Indeed, to date, SCG has failed to explain why each of the five lawyers *presently* admitted to represent it could not insure that SCG met its obligations under the Courts' Case Management Plan.

The Patent Rules mandate a showing of good cause in order to modify a scheduling order. SCG failed to show "good cause." Accordingly, its preliminary invalidity contentions and the Proposed Terms and Claim Elements for Construction must be stricken.

## III.   CONCLUSION

For the foregoing reasons, FieldTurf requests that the Court to:

(1)   strike the Preliminary Invalidity Contentions for failing to submit the contentions by the Court Ordered deadline and for failing to request leave of court;

(2)   preclude SCG from challenging the validity of the Patents-at-Issue at trial;

(3)   preclude the alleged prior art references from being introduced at trial for purposes of challenging the validity of the Patents-at-Issue;

(4)   preclude SCG's experts from offering any opinion as to invalidity of the Patents-at-Issue or the alleged prior art references;

(5)   prohibit SCG from submitting the Proposed Terms and Claim Elements for Construction for failing to submit the constructions by the Court Ordered deadline; and

(6) require SCG to pay the reasonable expenses incurred because of its noncompliance with Rule 16(b) and the Patent Rules, including attorneys' fees.

Respectfully submitted,

Date:  March 12, 2007

/s/ H. Alan Rothenbuecher
Jody L. Factor, Esq.
Micheal D. Lake, Esq.
Nicholas S. Lee, Esq.
FACTOR & LAKE, LTD
1327 W. Washington Blvd.
Suite 5G/H
Chicago, IL  60607
Phone: (312) 226-1818
Facsimile: (312) 226-1919


Co-Counsel:
H. Alan Rothenbuecher (0041883)
Schottenstein, Zox & Dunn Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, OH 44115
Phone: 216-621-6501
Facsimile: 216-621-6502

*Attorneys for Plaintiffs*
*FieldTurf USA, Inc. and FieldTurf Tarkett Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 12, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher
