**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FIELDTURF USA, INC., ET AL.           ) | |
| ) | CASE NO.: 1:06CV2624 |
| Plaintiffs,           ) | |
| ) | Judge Patricia A. Gaughan |
| v.           ) | |
| ) | |
| SPORTS CONSTRUCTION GROUP,           ) | |
| LLC, ET AL.           ) | |
| ) | |
| Defendants.           ) | |

**MEMORANDUM IN SUPPORT OF FIELDTURF'S FIRST
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

**I.    INTRODUCTION**

As explained below, FieldTurf has made good-faith attempts to resolve the discovery dispute with SCG.  Despite these efforts, SCG has refused to fully respond to certain Interrogatories and provide documents fully responsive to FieldTurf's Requests for Production of Documents.  Accordingly, FieldTurf has been required to file this Motion to Compel.

**A.    Discovery Conference**

At the outset, FieldTurf requests an expedited discovery conference with the Court, largely based upon:  (a) the large volume of discovery disputes and resulting uncertainties; and (b) a troublesome history in obtaining discovery from, and in negotiating resolutions of discovery disputes with, SCG.

FieldTurf believes that a discovery conference will:  (1) expedite the briefing and resolution process on FieldTurf's current requests to compel discovery; (2) significantly reduce future conflicts over discovery production and scheduling; and, (3) remove uncertainty in

scheduling and logistics between the parties' remaining discovery – all of which will conserve resources of the Court and the parties to this action.

**B.  Improperly Withheld Discovery**

FieldTurf requests that the following discovery be compelled from SCG as it has been improperly withheld or inadequately/incompletely responded to:

1. All documents responsive (including documents subject to identification on a privilege log) to FieldTurf's First Requests for the Production of Documents, Nos. 10, 11, 14, 15, 16, 35, 36, 27, 41, 49, 50, 54-75, 79, 80, 82, 83, 90-92, and 108 (**Exhibit 1**, hereto) – to be produced at FieldTurf's counsel's office within five (5) days from a Court Order compelling same.

2. Adequate/complete and responsive responses to FieldTurf's First Set of Interrogatories, Nos. 1, 2, 5, 6, 7, and 10 (**Exhibit 2**, hereto).

**II.  FACTS**

On October 30, 2006, FieldTurf filed a patent infringement lawsuit under the '689 and '752 patents against SCG for infringing activity at Concord University.  On December 13, 2006, SCG filed an Answer and counterclaims against FieldTurf for unfair competition, Antitrust,[1] deceptive trade practices, tortious interference with business and pre-contractual relations, and declaratory judgments of invalidity and non-infringement of the patents-in-suit.

On January 31, 2007, FieldTurf served its First Requests for Production of Documents and Interrogatories (collectively "discovery requests").  The discovery requests sought information directly relevant to the claims or defenses of the parties.  See **Exhibits 1, 2**, *generally*.

---

[1] On April 3, 2007, SCG dismissed the Antitrust count without prejudice.

On March 1, 2007, counsel for SCG informed counsel for FieldTurf in a letter that SCG intends to bifurcate the discovery process so that the initial discovery will be focused in the Markman discovery, and "if" the patent claims survived the Markman hearing, then it will proceed with discovery on the remaining issues in the case.  See **Exhibit 3**.

On that same date of March 1, 2007, counsel for FieldTurf objected in a letter to bifurcating the discovery process – specifically stating that the Court never issued a bifurcation order, and that discovery must proceed simultaneously on *all* issues between the parties.  See **Exhibit 4**.

On March 9, 2007, SCG provided written responses to FieldTurf's discovery requests.  For the most part, however, rather than provide adequate and complete responses, SCG improperly objected to complying with its discovery obligations[2] by repeatedly stating that:

> This Document Request seeks information not relevant to the ascertainable allegations in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence and is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive.

See, **Exhibits 5, 6**, *generally*.

Frustrated with SCG's contested objections in view of its asserted claims and the nature of SCG's counterclaims against FieldTurf, the parties agreed to seek the Court's involvement to clarify the scope of discovery in the present case (see footnote 2, below).  Accordingly, on March 19, 2007, each party separately filed a Request for Clarification of the December 26, 2006 Case Management Order.  See **Exhibits 7, 8**.  On March 20, 2007, this Court denied SCG's Request for bifurcation, and ordered it to proceed with "all" discovery.  See **Exhibit 9**.

---

[2] SCG maintained its position that it was only obligated to provide discovery specifically directed to Markman related issues.

3

Following the Court's Order of March 20, 2007, on or around April 5, 2007, the parties exchanged their non-confidential/privileged documents. Upon reviewing SCG's production of documents, FieldTurf determined that documents only relating to Concord University project were produced. Accordingly, several letters, emails, and telephone conversations were exchanged from April 19, 2007 through June 7, 2007, to obtain full and complete responses and information from SCG. See **Exhibits 10, 11, 12**.

On April 30, 2007, SCG sent a letter (**Exhibit 13**, hereto) with supplemental responses (**Exhibit 14**, hereto) in an ill-fated attempt to pacify FieldTurf's rightful demands that SCG fully comply with its discovery obligations. Upon review of such supplemental responses, it became readily apparent that SCG, again, failed to provide complete responses and relevant information called for by FieldTurf's discovery requests. As stated above, and in an attempt to avoid relying upon the resources of this Court, FieldTurf tried to work things out directly with SCG. Indeed, after several telephone calls, emails (**Exhibits 15, 16**), and two follow up letters (**Exhibits 11, 12**), SCG continued with its stalling tactics without an outright refusal to comply with its discovery obligations.[3] Now, FieldTurf has exhausted every option before it, and is left with no alternative but to seek a Court Order, pursuant to Fed. R. Civ. P. 37(a), compelling SCG to produce and cure its deficient discovery responses/production.

Lastly, considering that SCG's refusal to comply with the Court Order of March 20, 2007 clearly is in violation of Rule 37 of the Federal Rules of Civil Procedure, FieldTurf has been forced to expend significant time and money to seek compliance from SCG; and, inasmuch as the requested information is necessary to FieldTurf's ability to prepare for its case for trial, the

---

[3] Interestingly, each of FieldTurf's letters explain in detail the relevance and need for the discovery it has proffered. Surprisingly, SCG has never provided any plausible defense as to why it has failed to comply with its obligation.

4

Court should order SCG to compensate FieldTurf for its reasonable attorneys' fees and expenses incurred with the present motion.

## III. ARGUMENTS

### A. The Federal Rules Provide For Liberal And Complete Discovery.

The Federal Rules of Civil Procedure are designed to promote liberal discovery, allowing litigants the opportunity to obtain discovery of all information that may be necessary to fully and effectively prosecute a lawsuit. Rule 26(b) provides that a party may obtain discovery regarding any matter that may be relevant to the subject matter involved in the pending action, without regard to whether the information will itself be admissible, provided the information sought is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see also, Dinkins v. Ohio, Div. of State Highway Patrol*, 116 F.R.D. 270, 271 (N.D. Ohio, 1987) (recognizing that the Rules contemplate broad discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action …).

Rule 37 provides that a party may move for an order compelling a complete response to a discovery request where the opposing party has failed to respond. Fed. R. Civ. P. 37(a)(2)(B). Rule 37(a)(2)(B) further provides, in pertinent part, that:

> [I]f a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

The Rule provides that "an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3).

Under these standards, SCG's responses to FieldTurf's Interrogatories and Document Requests are incomplete and unresponsive and must be supplemented.

  **B.**  **SCG Failed to Provide Complete Responses to Specific Interrogatory Nos. 1, 2, 5, 6, 7, and 10 and Request Nos. 10, 11, 14, 15, 16, 35, 36, 27, 41, 49, 50, 54-75, 79, 80, 82, 83, 90-92, and 108.**

As can be generally seen in **Exhibits 5 and 6**, SCG improperly objected to virtually all of the written discovery requested by FieldTurf. As to each form of discovery, SCG generally made the same objections which can be categorized into two objections.

- Only Concord University is relevant to issues in the present litigation; and,

- Information can be obtained from some other source.

Since SCG has virtually objected on the same basis for most of the discovery requests noted above, the discussion below will address these two categories of objections as a whole rather than to discuss each form of discovery to lessen the burden on the Court.

  **1.**  **Improper Objections as to Written Discovery -- Interrogatories Nos. 1, 2, 5, 6, 7, and 10 and Request Nos. 10, 11, 14, 15, 16, 35, 36, 27, 41, 49, 50, 54-75, 79, 80, 82, 83, 90-92, and 108.**

SCG ubiquitously objects to producing documents or responding to written discovery requests when the subject of the above requests at issue relates to the counterclaims of SCG – *e.g.,* unfair competition, deceptive trade practices, and tortious interference. In fact, as noted above, the Court Order directed the parties to provide information concerning *all* issues at hand. See **Exhibit 9**. Despite the Court Order, SCG refuses to provide complete responses and information relating to its claims against FieldTurf. SCG's defiance of the Court Order, as it produced documents only relating to the Concord University project, should not be ignored.

Even in SCG's supplemental responses served on April 30, 2007, SCG only identified ten locations where alleged violations took place, but failed to include any detailed information supporting such alleged violations. At a minimum and as identified to SCG in FieldTurf's letter

dated April 19, 2007 (**Exhibit 10**, hereto), it was explained that the following information is necessary to at least determine whether any violations did take place:

- any information on any factual contentions and basis supporting SCG's counterclaims that are directly relevant in this case;

- an account of any notices of misrepresentation, deception, tortious interference and/or unfair competition FieldTurf allegedly sent to SCG's customers or potential customers that were brought to SCG's attention;

- any supporting documents of SCG's business claimed to have been lost as a result of such notices, *i.e.*, damages; and/or

- any bid(s) SCG submitted involving a sand and rubber infill product and each act of disparagement or misrepresentation allegedly identified in such bid(s).

Unfortunately, SCG refuses to produce this pertinent information even though such information is directly relevant to at least FieldTurf's defenses to SCG's counterclaims against FieldTurf. As such, SCG's written discovery is incomplete, and it must be compelled to fully respond to the interrogatories, document requests, and responsive documentation.

### 2. Information and Documents Being Compelled Are In SCG's Possession.

The second common objection to the discovery requests is that responsive documents "are obtainable from some other source that is more convenient, less burdensome or less expensive." See **Exhibits 5, 6**, *generally*. While FieldTurf can appreciate a circumstance in which this objection might be relevant, the present circumstance is not one of them.

SCG's argument relies upon two wrong premises that prevent it from relying upon this objection. First, SCG's objection presumes that the public information is the same as the information in its custody, possession, or control. However, certain documents relating to SCG's claims that FieldTurf misrepresented, deceived, and/or unfairly competed against SCG may not be publicly available. More importantly, FieldTurf has not requested the content of the public

7

file, but rather the contents of SCG's file to see what they reveal.  Second, SCG's objection presumes that FieldTurf must know or at least seek knowledge of what "other sources" exist for the requested information there may be, to get the same information as may be contained in SCG's files.  Again, FieldTurf has a right to know what is in SCG's files, not some alleged substitute file.  Quite simply, SCG is in possession, custody, or control of responsive, relevant documents and FieldTurf is entitled to them even if they turn out to be the same documents from "some other sources."

In sum, SCG's blanket categories of objections are misplaced and have unduly hindered FieldTurf's ability to fully and fairly prepare its defense.  In light of these idiomatically baseless and unsupportable objections, the Court should compel SCG to fully respond to FieldTurf's discovery requests – specifically, Interrogatory Nos. 1, 2, 5, 6, 7, and 10 and Document Request Nos. 10, 11, 14, 15, 16, 35, 36, 27, 41, 49, 50, 54-75, 79, 80, 82, 83, 90-92, and 108.

## IV. ATTORNEYS' FEES

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that the party who has been derelict in providing discovery shall pay the reasonable expenses incurred in obtaining an order to compel discovery.  *Id.*  The award of reasonable expenses is mandatory, and includes attorney's fees – "the court *shall* … require … them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees."  *Id.*  (emphasis added); *see also, Bill Call Ford, Inc. v. Ford Motor Co.,* 48 F.3d 201, 209 (6th Cir. 1995) (upholding award of fees pursuant to Rule 37 where a party failed to respond to document requests and interrogatories).

Here, despite the Court Order that "all" discovery relevant to the claims or defenses of the parties must be produced, SCG is unwilling to either comply with the Order or cooperate in

the discovery process. Now, FieldTurf is being forced to spend more of its time and money to compel SCG for discovery. Accordingly, an award of attorney's fees is appropriate.

## V. CONCLUSION

As demonstrated above, FieldTurf has made sincere, good faith efforts (*i.e.,* letter campaigns, emails, and telephone calls) to resolve this discovery dispute without the Court's involvement. Despite these efforts, SCG has been disingenuously evasive and its written discovery responses and the document productions remain incomplete and deficient.

Therefore, FieldTurf respectfully requests that:

(1) the Court compel SCG to fully and properly respond to Document Request Nos. 10, 11, 14, 15, 16, 35, 36, 27, 41, 49, 50, 54-75, 79, 80, 82, 83, 90-92, and 108, and Interrogatory Nos. 1, 2, 5, 6, 7, and 10, within five days from the Court's Order; and,

(2) in accordance with Rule 37(a)(4) of the Federal Rules of Civil Procedure, this Court order SCG to pay FieldTurf, its reasonable attorneys' fees and costs incurred in filing this motion as well as for its attempts to obtain the discovery without burdening this Court.

Respectfully submitted,

Date: June 12, 2007

  s/ Jody L. Factor
Jody L. Factor, Esq.
Nicholas S. Lee, Esq.
FACTOR & LAKE, LTD
1327 W. Washington Blvd.
Suite 5G/H
Chicago, IL 60607
Phone: (312) 226-1818
Facsimile: (312) 226-1919

Co-Counsel:
H. Alan Rothenbuecher (0041883)

9

Schottenstein, Zox & Dunn Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, OH 44115
Phone: 216-621-6501
Facsimile: 216-621-6502

*Attorneys for Plaintiffs*
*FieldTurf USA, Inc. and FieldTurf Tarkett Inc.*

## CERTIFICATE OF SERVICE

I, Jody L. Factor hereby certify that on this 12th day of June 2007, a copy of the foregoing document entitled, **"MEMORANDUM IN SUPPORT OF FIELDTURF'S FIRST MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS"** was filed electronically via the Court's ECF/CM System.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

    s/ Jody L. Factor
Jody L. Factor
FACTOR & LAKE, LTD.
1327 W. Washington Blvd., Suite 5G/H
Chicago, Illinois 60607
Phone:  (312) 226-1818
Fax:  (312) 226-1919
Email:  jfactor@factor-lake.com