# LASKO & LIND

1406 West Sixth Street, Suite 200
Cleveland, OH 44113-1300
Telephone: 216-574-2600
Facsimile: 216-574-2800

A Professional Association
Attorneys

January 31, 2007

*Via regular mail and
facsimile transmission*

H. Alan Rothenbuecher, Esq.
Jay E. Krasovec, Esq.
Schottenstein, Zox & Dunn Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, OH 44115

Jody L. Factor, Esq.
Nicholas S. Lee, Esq.
Factor & Lake, Ltd.
1327 W. Washington Blvd., Suite 5G/H
Chicago, Illinois 60607

Re:   *FieldTurf USA, Inc., et al. v. Sports Construction Group, LLC, et al.,* United States District Court, Northern District of Ohio, Case No. 1:06 CV 2624, Judge Patricia A. Gaughan

Dear Counsel:

I have reviewed the discovery responses submitted to our office on January 24, 2007 and find that a large number are woefully deficient in numerous respects. Your spurious objections and deficient and inadequate discovery responses can be only viewed as a bald attempt to delay and prolong this litigation - a tactic regularly used by your clients to drag out litigation and increase costs to its competitors. Please consider this Sports Construction Group's ("SCG") Local Rule 37.1 attempt to meet and confer in advance of filing a motion to compel.

## Interrogatory Responses

Interrogatory Nos. 5 and 6 ask Fieldturf to set forth the facts which support the allegation in the Complaint that "Mr. Franks authorized and approved the installation of the synthetic turf field at Concord University in a manner that infringed Fieldturf's '689 patent." Interrogatory No. 7 asks Fieldturf to set forth the facts which support the allegation in the Complaint that "Mr. Franks personally took part in or personally directed, or actively and knowingly aided and abetted SCG's infringement. The responses to these interrogatories all state that "on information or belief" Mr. Franks "authorized and approved the installation of the synthetic turf field at Concord University, which amounts to an infringement under 35 U.S.C. § 271(b)." No where does the interrogatory disclose what the "information" is upon which Fieldturf bases its belief - which is specifically what the interrogatory requested be disclosed.

The fact that Mr. Franks is a central figure in SCG as its president is not a sufficient factual basis to allege personal liability for inducing infringement. As I am sure you are well aware, a corporate officer must act culpably, which requires more than mere knowledge of the acts alleged


EXHIBIT D

to constitute infringement; instead, it must be shown that the corporate officer possessed specific intent to encourage another's infringement.

The filing of a lawsuit is not an open invitation to conduct a fishing expedition. If FieldTurf has any information showing personal culpability or a specific intent to encourage infringement, it must be disclosed as requested by these interrogatories.

The responses to Interrogatory Nos. 10, 14, 16, and 18 state that documents will be produced pursuant to Civ. R. 33(d) in lieu of answering the interrogatory. Civ. R. 33(d) can only be relied upon if the burden of deriving the information is substantially the same for both parties. Here, the burdens are not substantially the same. As demonstrated by the list of cases attached to the discovery responses, FieldTurf is a rather frequent litigator and as such has become intimately familiar with the information requested by these interrogatories. The interrogatories seek categorical information that can be readily itemized by FieldTurf as the purported owner of the subject patents. Moreover, a party relying on Civ. R. 33(d) is to specify the records from which the information sought can be derived. This has not been done in any of these interrogatory responses.

Interrogatory No. 23 asks FieldTurf to identify the person(s) that made the determination that SCG had infringed the subject patents. As its response, FieldTurf incorporated its initial disclosures. The initial disclosures, however, do not identify the person(s) that made the determination that infringement had occurred. Your are requested to specifically identify the person(s) pursuant to the interrogatory.

## Production Responses

As an initial matter, your clients claim not to know what the words "invention" and "subject matter" mean, even though they have obtained and own a number of patents and have filed numerous lawsuits against their competitors alleging patent infringement. See responses to Production Requests Nos. 14, 27, 40, 41, 42, 43, and 66. Similarly, even though "ownership" and/or patent "licensure" are required for a plaintiff in a patent infringement case, your clients claim ignorance of these words. See responses to Production Requests Nos. 15 and 16. Your clients' claims of failing to understand these words is simply unbelievable in light of its sophisticated nature and past history of patent infringement prosecution. You are requested to revise your responses to withdraw the disingenuous vague and ambiguous objections based on these words and to make a full and complete production of the requested documents.

Production Request No. 1 seeks all contracts and agreements between the parties. FieldTurf has objected on the basis that it believes that SCG may already have these documents in its possession. This is not an appropriate basis for an objection as FieldTurf has no knowledge of what documents SCG may have in its possession. Moreover, SCG is entitled to FieldTurf's copies of the contract and agreements which may contain information not within the contracts and agreements SCG may possess. Further, it appears that FieldTurf will rely on a theory of "constructive" knowledge. The requested contracts and agreements are pertinent to this constructive knowledge theory.

Production Request No. 2 seeks all documents between the parties. Your response narrowly focuses on the word "by" in a disingenuous attempt to overly broaden the scope of the request for purposes of your objection. The document request does not seek all documents ever generated documents by FieldTurf. Rather, it seeks only those referenced documents between the parties.

Production Request No. 19 requests all documents between FieldTurf and any infringer, potential infringer, or accused infringer of the subject patents. You have objected on the basis of attorney-client and work product privileges, plus the usual litany of Civ. R. 26 objections. Axiomatically, there can be no attorney-client or work product privilege when documents are sent by you or your client to a third-party alleged infringer. The request is relevant to SCG's counterclaims for tortious interference, Lanham Act, unfair competition, and predatory pattern of alleging infringement to intimidate the market place and harass competitors. The request is not overly broad, unduly burdensome, or vague and ambiguous as it identifies a narrow category of documents to be produced.

Production Request No. 20 seeks documents pertaining to Plaintiffs' efforts to detect or prevent infringement of the subject patents. You have objected on the basis of attorney-client and work product privileges, plus the catalogue of Civ. R. 26 objections. What efforts your client made, if any, to determine whether or not there was a factual basis to claim patent infringement against SCG is relevant to the counterclaims for tortious interference, Lanham Act, unfair competition, and predatory pattern of alleging infringement to intimidate the market place and harass competitors. Moreover, FieldTurf's investigative efforts, if any, are specifically discoverable as your clients' claim that the Concord University field infringes on FieldTurf's patents and must be disclosed as either substantiating or negating the infringement claims. Unless your office investigated the Concord University field, it is highly doubtful that any legitimate basis exists to refuse production based on attorney-client privilege or work product. If you persist in claiming either of these privileges, please produce of privilege log and advise in writing of the factual basis of the privilege assertion so that we can discuss further.

Production Request No. 21 seeks documents pertaining to communications regarding any suspected or actual infringement of the subject patents. Production Request No. 22 seeks documents pertaining to any notification of infringement and threat of potential litigation. You have asserted similar objections that, as addressed in the preceding paragraph, may not be used to refuse production.

Production Request No. 23 requests all documents pertaining to actual or proposed contractual agreements or arrangements concerning the Litigated Patents. Your objections have no merit. Commercialization of an invention, or even attempts, impact patentability and are therefore highly relevant. You know and your clients know or should know that. It also reflects royalty rates that may be raised in damage considerations, though SCG denies there are any damages. Related to this, offers for sale are similarly clearly discoverable despite your response to Production Request No. 24.

Production Request No. 24 requests all documents referring or relating to Defendant's products. You have objected on the basis that SCG is in possession of its own "products," but the

request does not ask you to produce SCG's products. Rather it asks your clients to produce "documents" that refer or relate to SCG's products. Your attempt to misdirect the production request is nothing but a refusal to respond. Further, the request is not overly broad, burdensome, vague, or ambiguous as it requests a specific set of documents. The request is relevant and goes to the very heart of the allegations of infringement, SCG's counterclaims, and the investigations, if any, conducted by your clients.

Production Request No. 26 seeks all communications between any entity claiming rights to the Litigated Patents. Your response claiming not to understand the meaning of "any entity" is simply outrageous. The request is relevant as any other entities claiming rights superior to the Litigated Patents will reveal information that is pertinent to claims made by others of pre-existing patent rights or infringement by FieldTurf. I fail to see how communications from an independent entity to you or your clients can be covered by any privilege. If you sincerely believe that claims made by other entities are somehow protected by the attorney-client or work product privileges, please provide a basis for the privilege claim and a privilege log.

Production Requests Nos. 53 to 60 all request documents relating to the application or use of the inventions claimed in the Litigated Patents. Your response states the usual objections interposed to SCG's discovery requests, but does say that non-privileged documents will be made available to the extent they exist. You are advised that the failure to produce responsive documents to these requests will at the very least result in the waiver of the ability to use same in this litigation. For example, if you are unable in discovery to identify any long-felt but unresolved needs which the Litigate Patents satisfy, you will be estopped from doing so in this case. Consequently, we expect a full and complete production to Production Requests Nos. 53 to 60.

Production Request No. 64 requests all documents pertaining to claims raised by others relating to the patentability, validity, enforceability, or scope of claim of the subject patents. Since SCG claims that the subject patent claims are invalid, claims made by others as to the validity of the patents are relevant and likely to lead to the discovery of additional relevant information. The requests is not burdensome or oppressive as it identifies a narrow category of documents to be produced. The use of the term "anyone" does not invalidate the request as the civil rules do not limit document production to the parties to a lawsuit. If there are responsive documents that you believe fall within a confidentiality obligation of FieldTurf, please provide the details of the confidentiality claim as well as a confidentiality log so that we can discuss further.

Production Request No. 78 asks FieldTurf to produce documents generated by FieldTurf concerning the enforcement of its claimed patent rights. The use of the terms "enforcement" and "claimed patent rights" are not vague and ambiguous. FieldTurf certainly is seeking and has sought to enforce its claimed patent rights in this and numerous other patent infringement cases filed by FieldTurf and is therefore intimately familiar with these terms. The request is not overly broad and burdensome as it identifies a narrow category of documents to be produced that are relevant to SCG's counterclaims for tortious interference, Lanham Act, unfair competition, and predatory pattern of alleging infringement to intimidate the market place and harass competitors. To the extent you believe responsive documents are privileged, please produce of privilege log and advise in writing of the factual basis of the privilege assertion so that we can discuss further.

*FieldTurf USA, Inc. v. Sports Construction Group, LLC*
*Discovery dispute letter*
*Page 5 of 5*

Production Request No. 79 asks FieldTurf to produce documents generated by FieldTurf concerning the enforcement of its claimed patent rights as a means of promoting its business interests. You have asserted similar objections that, as addressed in the preceding paragraph, may not be used to refuse production.

Production Request No. 80 requests documents between FieldTurf, its agents, employees, consultants, independent contractors, and third parties regarding SCG. You have objected on relevancy grounds and once again refused production because "any third party" is not a named party. This request is relevant as it seeks information pertaining to FieldTurf's communications with others pertaining to SCG. Its hard to imagine how any such communications would not be relevant to the counterclaims in this case. The civil rules do not limit the production of documents only to those involving the parties to a lawsuit. Therefore, the used of the phrase "any third party" does not invalidate the request. The requests is not overly broad, burdensome, vague, or ambiguous as it seeks the production of a narrow category of documents to be produced that are relevant to SCG's counterclaims. If there are responsive documents that you believe are privileged, please produce of privilege log and advise in writing of the factual basis of the privilege assertion so that we can discuss further.

## Place of inspection

Your facsimile letter of January 25, 2007 states that you may determine that responsive documents may only be made available for inspection in Montreal, Canada. Civ. R. 34 requires reasonableness in the selection of the place of production. Montreal is not reasonable place to conduct the inspection as it will require multiple counsel to travel to Montreal to inspect the documents. The burden should not be on SCG to incur such unnecessary travel costs when it is FieldTurf that has elected to file this litigation; FieldTurf has numerous "representatives" in the United States, including one in Chardon, Ohio; FieldTurf has local counsel in Cleveland, Ohio; and the vast majority, if not all, of the depositions will be conducted in this forum. Since your letter indicates that you have not yet made a decision on this issue, I reiterate my suggestion that the place of production be at your local counsel's office.

As some of the inappropriate discovery objections involve the disclosure of information pertinent to SCG's patent invalidity contentions, please let me know immediately if you will comply with the appropriate discovery rules and provide responses or supplementation as requested. If not, we will seek relief from the Court.

This letter shall not be construed as SCG's waiver to any objection made by FieldTurf to the discovery requests not specifically addressed above. SCG reserves the right to demand compliance with its remaining discovery requests during the discovery process.

Very truly yours,

Joseph R. Spoonster