## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| FIELDTURF USA, INC., ET AL. ) | CASE NO.: 1:06CV2624 |
| Plaintiffs, ) | |
| ) | Judge Patricia A. Gaughan |
| v. ) | |
| ) | **FIELDTURF'S MOTION & SUPPORTING MEMORANDUM FOR AN EXTENSION OF TIME TO FILE ITS REPLY IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANT SPORTS CONSTRUCTION GROUP LLC, IN THE ALTERNATIVE, FOR DISQUALIFICATION OF COUNSEL (DOC. NO. 99)** |
| SPORTS CONSTRUCTION GROUP, ) LLC, ET AL., ) | |
| Defendants. ) | |

### I. INTRODUCTION

Plaintiffs, FieldTurf USA, Inc. and FieldTurf Tarkett Inc. (collectively "FieldTurf"), respectfully request an extension of time to file their reply brief in support of FieldTurf's Motion For Default Judgment Against The Defendant Sports Construction Group LLC, In The Alternative, For Disqualification Of Counsel (Doc. No. 99). FieldTurf requests an order having it report when further factual and legal discovery has been completed as detailed in §§II and III below. From that date, FieldTurf would either file further briefing within 10 business days or withdraw its motion for default or disqualification

This motion is not interposed for the purpose of needless delay, but rather is necessitated by the surprise filing by SCG of its Supplement To Sports Construction Group LLC's Opposition To FieldTurf's Motion For Default Judgment Against The Defendant Sports Construction Group LLC, In The Alternative, For Disqualification Of Counsel – Doc. No. 134, filed today at 4:37 PM EDT (3:37 CDT) ("Supplement"). **Exhibit 1.** SCG's Supplement introduces evidence, which puts a fact central to FieldTurf's motion, in dispute. In fact SCG's new submission of

evidence is potentially exculpating and potentially will render all of FieldTurf's and SCG's briefing moot.

Alternatively, FieldTurf is prepared to file its (potentially moot or irrelevant) reply within 48 hours of an order denying this motion.

**II.   SCG'S INTERVENING EVIDENCE MAY RENDER FIELDTURF'S MOTION MOOT AND COMPLETING ITS REPLY AT THIS TIME, WITHOUT FURTHER FACTUAL & LEGAL INVESTIGATION WOULD WASTE THE RESOURCES AND TIME OF THE COURT AND THE PARTIES.**

SCG filed its Opposition to FieldTurf's opening brief on October 15, 2007, accordingly, FieldTurf's Reply is due today, October 29, 2007 (*See* Doc. No. 103, Court Order dated October 5, 2007 and LR 7.1(e)). However, a central basis for FieldTurf's motion for default or to disqualify counsel is the revelation that opposing counsel, Ronald H. Lasko, owns an 8% interest in SCG. *See e.g.*, Doc. No. 99 at page 1. This revelation was made at a status conference with this Court on September 6, 2007. Based upon this fact, FieldTurf filed its motion asserting, among other things, that Mr. Lasko's ownership in SCG and his intentional access to FieldTurf's information designated "attorney's eyes only," violated the Protective Order entered in this case and similarly a protective order in a parallel state court case. *See* Doc. No. 99 at §§ II-III. Indeed, even SCG's Opposition (Doc. No. 104) confirmed Mr. Lasko's 8% ownership in SCG. *See e.g.*, Doc. No. 104 at pp. 2-3. FieldTurf has been preparing its reply brief accordingly.

However, during the last stages of drafting its reply, at 4:37 PM EDT (3:37 PM CDT) FieldTurf received SCG's Supplement by electronic filing. The Supplement attached (as Exhibit 1 thereto) an affidavit of Paul S. Franks (the president of SCG) attesting to the fact that Mr. Lasko has only *"an interest in and would be considered a member of a limited liability company known as Vale Investments Ltd."* **Exhibit 1**, ¶4 emphasis added. According to Mr. Franks, Vale Investments, Ltd. in turn, *"owns ten Class B Membership units of SCG, or ten percent (10%) of the total number of membership units."* **Exhibit 1**, ¶5 (emphasis added). Most importantly, Mr. Franks further attests that *"Ronald H. Lasko individually does not own and never has owned any membership units in SCG."* **Exhibit 1**, ¶7 (emphasis added).

Mr. Frank's affidavit, well past the eleventh hour puts a very central fact behind FieldTurf's motion in dispute. SCG gave no prior notice of Mr. Frank's affidavit, or the facts attested to therein. Accordingly, FieldTurf is not prepared at this late hour to respond to this

untimely submission of evidence, potentially exculpating Mr. Lasko and potentially rendering all of FieldTurf's and SCG's briefing moot. It would be a waste of time and money for FieldTurf to finish its reply brief. It would also be a waste of this Court's time to read and consider such a filing that does not take this surprise evidence into full account.

### III. FIELDTURF REQUESTS TIME TO TAKE FURTHER DISCOVERY AND CONDUCT FURTHER LEGAL RESEARCH RELEVANT TO SCG'S SURPRISE "SUPPLEMENTAL" FILING.

In view of the above – FieldTurf believes that further discovery is needed, for example a deposition of Mr. Franks and Mr. Lasko. A motion by SCG to prevent Mr. Lasko's deposition is fully briefed and in view of SCG's surprise filing should be denied. See Doc. Nos. 84, 96, 102. Among other things, only Mr. Lasko can respond as to why he believes he owns 8% of SCG while Mr. Franks now reveals his belief that Mr. Lasko does not. In the meantime, yet another heretofore undisclosed fact involving both Mr. Lasko and SCG has cropped up, that being the existence of Vale. FieldTurf wonders whether or not Vale should be a party to this suit? In addition, just today, it has also come to FieldTurf's attention, although not yet verified, that Mr. Lasko may be SCG's landlord.

FieldTurf has the right to inquire of Mr. Lasko – about all of his relationships with SCG and its related entities. SCG is not the correct party to testify to this. As Mr. Franks puts it "*I am advised that* Ronald H. Lasko does have an interest…" **Exhibit 1**, ¶4 (emphasis added) FieldTurf is entitled to ask Mr. Lasko directly not his "advised" proxy Mr. Lasko.

In addition, FieldTurf intends to file on October 30, 2007, a motion to compel documents responsive to FieldTurf's Requests for Production Nos. 93-103. This discovery seeks, among other things, the corporate ownership, structure, and financial information of SCG which has been improperly withheld by SCG to date. SCG's surprise affidavit has potentially wasted attorney and Court time, as well as tens of thousands of dollars of briefing – all of which could have been avoided if SCG had provided the discovery requested by these requests when it was originally due. FieldTurf's request for an extension of time, seeks to avoid further waste.

Accordingly, FieldTurf requests an order that would have it report to the Court when documents have been produced according to the discovery requests discussed above, and when the depositions of SCG and (hopefully) Mr. Lasko have been taken. FieldTurf believes that it

could file further briefing within 10 business days of the last of these events. At such time, FieldTurf would either reply or withdraw its motion for default or disqualification.

Respectfully submitted,

Date: October 29, 2007

s/ Micheal D. Lake
Jody L. Factor, Esq.
Micheal D. Lake, Esq.
Nicholas S. Lee, Esq.
FACTOR & LAKE, LTD
1327 W. Washington Blvd.
Suite 5G/H
Chicago, IL 60607
Phone: (312) 226-1818
Facsimile: (312) 226-1919

Co-Counsel:

H. Alan Rothenbuecher (0041883)
Schottenstein, Zox & Dunn Co., LPA
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, OH 44115
Phone: 216-621-6501
Facsimile: 216-621-6502

*Attorneys for Plaintiffs*
*FieldTurf USA, Inc. and FieldTurf Tarkett Inc.*

## CERTIFICATE OF SERVICE

I, Micheal D. Lake, hereby certify that on this 29th day of October 2007, a copy of the foregoing document entitled, **"FIELDTURF'S MOTION & SUPPORTING MEMORANDUM FOR AN EXTENSION OF TIME TO FILE ITS REPLY IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANT SPORTS CONSTRUCTION GROUP LLC, IN THE ALTERNATIVE, FOR DISQUALIFICATION OF COUNSEL (DOC. NO. 99)"** was filed electronically via the Court's ECF/CM System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                                       s/ Micheal D. Lake
                                                       Micheal D. Lake
                                                       FACTOR & LAKE, LTD.
                                                       1327 W. Washington Blvd., Suite 5G/H
                                                       Chicago, Illinois 60607
                                                       Phone: (312) 226-1818
                                                       Fax: (312) 226-1919
                                                       Email: mlake@factor-lake.com